UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207

Attorneys for Plaintiff Eon-Net, L.P.

| | |
|---|---|
| EON-NET, L.P., <br><br> Plaintiff, <br><br> v. <br><br> FLAGSTAR BANCORP, <br><br> Defendant. | **Civil Action No. 2:05 CV 791 (DMC) (MF)** |

**PLAINTIFF EON-NET, L.P.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT FLAGSTAR BANCORP'S MOTION TO TRANSFER
VENUE TO THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON**

**Table of Contents**

I. INTRODUCTION..................................................................................................1

II. BACKGROUND...................................................................................................1

III. ARGUMENT........................................................................................................3

  A. The Private Interests Dictate That This Action Should
Remain In This District........................................................................................4

    1. The Locus of Operative Facts Weigh Against Transfer................................ 4

    2. Eon-Net's Choice of Forum Should Be Accorded Substantial
Weight and Should Not Be Changed...............................................................4

    3. The Convenience of the Witnesses Does Not Favor
Transfer to Washington................................................................................... 5

    4. The Convenience of the Parties Does Not Favor
Transfer to Washington................................................................................... 7

    5. The Location of Documents Does Not Favor Transfer to Washington......... 9

    6. The Absence of Disruption to Defendant's Business
Weighs Against Transfer to Washington........................................................10

  B. The Public Interest In The Administration Of The Courts And
The Efficient Adjudication Of Cases Weighs Against Transfer...............................10

    1. Consideration of Local Interests Weighs Against Transfer........................... 10

    2. This Court Handles More Intellectual Property Cases Than
the Western District of Washington................................................................11

    3. The Efficiency of This Court Weighs Agaisnt Transfer................................11

IV. CONCLUSION....................................................................................................12

i

## Table of Authorities

**Cases**

*Astor Holdings, Inc. v. Roski*,
    2002 U.S. Dist. LEXIS 758, at 37 (S.D.N.Y.)..................................................................9

*Coker v. Bank of America*,
    984 F. Supp. 757, 766 (S.D.N.Y. 1997)........................................................................ 9

*Hernandez v. Graebel Van Lines*,
    761 F. Supp. 983, 988-89 (E.D.N.Y. 1991).................................................................7

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873, 879 (3d Cir. 1995)................................................................................... 4

*LG Electronics Inc. v. First Int'l Computer, Inc.*,
    138 F. Supp. 2d 574, 589-91 (D.N.J. 2001)..........................................................3, 4, 7

*NCR Credit Corp. v. Ye Seekers Horizon, Inc.*,
    17 F. Supp. 2d 317, 321 (D.N.J. 1998)........................................................................4

*Osteotech, Inc. v. Gensci Regeneration Sciences, Inc.*,
    6 F. Supp. 2d 349, 357 (D.N.J. 1993) ......................................................................... 4

*Rates Technology Inc, v. UTT Corporation*,
    1995 WL 16788, *5, (S.D.N.Y.).................................................................................9

*Richo Co. v. Honeywell, Inc.*,
    817 F. Supp. 473, 486 (D.N.J. 1993)........................................................................ 10

*Royal Insurance Co. of America v. Tower Records, Inc.*,
    2002 WL 31385815, *6 (S.D.N.Y.)............................................................................9

*Solomon v. Cont'l Am. Life Ins. Co.*,
    472 F.2d 1043, 1047 (3d Cir. 1973)........................................................................... 9

*Wechsler v. Macke International Trade, Inc.*,
    1999 WL 1261251, *7 (S.D.N.Y.)............................................................................. 8

**<u>Statutes</u>**

28 U.S.C. §1404(a).................................................................................................................3

**<u>Other</u>**

Administrative Office of the United States Courts, Judicial Caseload
       Profile Report (2003).................................................................................................11

## I.     INTRODUCTION

Plaintiff, Eon-Net, LP ("Eon-Net" or "Plaintiff") submits this Memorandum in Opposition to Defendant Flagstar Bancorp's ("Flagstar" or "Defendant") Motion to Transfer to the United States District Court for the Western District of Washington. The Declarations of Mitchell Medina ("Medina Decl.") and Jean-Marc Zimmerman ("Zimmerman Decl.") in Opposition to Defendant's Motion are being submitted concurrently herewith.

## II.     BACKGROUND

Eon-Net is the owner of U.S. Patent No. 6,683,697 (hereinafter "the Patent") entitled Information Processing Methodology. (*Medina Decl.* ¶2) Mitchell Medina, a U.S. citizen, is the principal of Eon-Net, an inventor of the Patent and its five predecessor patents,[1] and solely responsible for conducting the business affairs of Eon-Net. Mr. Medina is a former resident of the State of New Jersey who currently resides in Nairobi, Kenya, returning several times each year to this district to visit relatives and tend to his business affairs including those of Eon-Net. Also, Mr. Medina maintains lodging and office space in close proximity to this district. (*Medina Decl.* ¶¶3-4) Although Eon-Net is incorporated in the British Virgin Islands, it has no operations or employees located there. (*Medina Decl.* ¶5)

Mr. Medina is a computer scientist and prolific inventor who is lawfully enforcing his constitutionally-mandated patent rights against infringers such as Flagstar. Flagstar's apparent dislike for the lawful manner in which Mr. Medina seeks to enforce and license

---

[1] Mr. Medina is an inventor of U.S. Patent Nos. 5,258,855, 5,369,508, 5,625,465, 5,768,416 and 6,094,505, each entitled Information Processing Methodology.

the Eon-Net Patent is totally irrelevant to both the merits of this transfer motion and the substantive infringement issues in this case.

Defendant Flagstar is a Michigan State corporation that provides banking and loan services over the Internet and through various banking centers, i.e., branches. In fact, defendant has failed to mention in its pleadings that it operates three such banking centers in this district in Hackensack, Morristown and Sparta, while it does not operate any banking centers in Washington State. (Zimmerman Decl., ¶2, Ex. 1). Moreover, to facilitate its business operations in this District, Defendant operates a web site into which New Jersey residents enter contact and other information and this information is received by the banking centers in this district so that Defendant can render its banking services in New Jersey. (Zimmerman Decl., ¶3, Ex. 2). Accordingly, at least a substantial portion of the infringing activity complained of in this action occurs in this district because customer information is provided by New Jersey residents on defendant's web site and this information is parsed and transmitted to Defendant's New Jersey banking centers.

Although, as demonstrated below, New Jersey is the proper forum for this action, Flagstar has apparently colluded with the parties in two other actions, *Eon-Net, L.P. v. drugstore.com, Inc.*, Case No. 2:05 CV 845 (JCL) (MF) and *Eon-Net v. CoolAnimalStuff.co*m, Case No. 2:05 CV 936 (DMC) (MF), to seek to transfer this case to the Western District of Washington State in an attempt to prejudice Plaintiff and for the convenience of Defendant's counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP, who is also representing drugstore.com and Coolanimalstuff.com. Defendant's contention that Washington is proper is astonishing given that Flagstar's corporate headquarters and its community banking headquarters, as well as its consumer lending,

home lending, information technology, mortgage servicing and underwriting divisions are all headquartered in Michigan (see Zimmerman Decl., ¶4, Exhibits 3, 4 and 5), and the developer of its web site technology is a Delaware corporation (Kofax Image Products, Inc. ("Kofax")) with offices in California that provides technical services nationwide. (See Defendant's Brief in Support of Motion to Transfer, p. 5). Nevertheless, in furtherance of this "strategy" that Defendant, drugstore.com and Coolanimalstuff.com have concocted, Defendant contends that Washington is somehow the proper forum because it can point to some connection to that state. In light, however, of the fact that at least a substantial portion of Defendant's infringing activity occurs in this state, that Defendant maintains substantial banking operations in this district that it failed to disclose and in view of the numerous factors that weigh against transfer, as described below, New Jersey is the proper forum for this action and Washington State is most definitely not. Accordingly, Defendant's motion to transfer should be denied.

### III.   ARGUMENT

Flagstar has failed to satisfy its burden under 28 U.S.C. §1404(a) to transfer venue in this case. Flagstar cites a variety of private and public factors set forth in *LG Electronics Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 589-91 (D.N.J. 2001) that this Court may consider in determining whether to transfer this case. However, none of these factors weighs in favor of a transfer. An examination of these factors compels the conclusion that this case should remain in this District.

### A. The Private Interests Dictate That This Action Should Remain In This District

#### 1. The Locus of Operative Facts Weighs Against Transfer

In patent cases, the preferred forum "is that which is the center of gravity of the caused activity." *Osteotech, Inc. v. Gensci Regeneration Sciences, Inc.*, 6 F. Supp. 2d 349, 357 (D.N.J. 1993). See also *LG Electronics*, 138 F. Supp. 2d at 590. In the present case, at least a substantial portion of the infringing activity complained of in this action occurs in this district because New Jersey residents provide information on defendant's web site and this information is parsed and transmitted to Defendant's New Jersey banking centers so that Defendant can provide its loan and banking services in this state. Thus, contrary to Defendant's wrong assertion that "New Jersey has no meaningful connection to the alleged infringing activity" and that Washington and Michigan are the 'center[s] of gravity of the accused activity'," New Jersey has a substantial connection to the infringing activity committed by Defendant. Accordingly, the locus of operative facts occurs in this district and this factor weighs against transfer.

#### 2. Eon-Net's Choice of Forum Should Be Accorded Substantial Weight and Should Not Be Changed

Plaintiff's choice of forum is "accorded great weight" and should not be "lightly disturbed" unless the balance of factors weighs strongly in favor of granting a transfer. *See LG Electronics*, 138 F. Supp. 2d at 589; *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998).

Flagstar asserts that Eon-Net's choice of forum should be accorded little if any weight because "the operative facts surrounding the alleged infringement" occur in Washington and Michigan and because Plaintiff is a foreign entity. As explained above, however, at least a substantial portion of the infringing activity in this case occurs in New Jersey because New Jersey residents enter customer and account information on Defendant's web site and this information is parsed and exported to Defendant's New Jersey banking centers. Furthermore, it is difficult to see how it would be improper or inconvenient for Defendant if this action remained in this district given that Defendant sought and obtained a banking license from this State's banking regulators so that it could provide banking services to New Jersey residents which it presently does from three different banking centers located in this state.

While it is true that Eon-Net is incorporated in the British Virgin Islands, it has no operations or employees located there. Furthermore, Mr. Medina is a U.S. citizen and former resident of this district who regularly comes to this district for personal reasons and to attend to Eon-Net's business affairs.

Accordingly, because at least a substantial portion of the infringing activity occurs in New Jersey and Flagstar has failed to show that the other transfer factors weigh in favor of a transfer (as will be demonstrated below), Eon-Net's choice of forum should not be disturbed and this case should remain before this Court.

3. The Convenience of the Witnesses Does Not Favor Transfer to Washington

Flagstar argues that its witnesses are located in Washington and Michigan, and therefore the convenience of its witnesses favors a transfer. However, aside from failing

5

to acknowledge the existence of its three different banking centers in this district and the substantial connection that Defendant has with this forum, as a national company with over 3,300 full-time equivalent employees (see Zimmerman Decl., ¶5, Exhibits 6, 7 and 8), there are undoubtedly employees of Defendant that have knowledge regarding defendant's business operations that infringe the Patent that regularly travel nationwide and for whom giving testimony in this District would not be inconvenient. Moreover, it is likely that at trial Plaintiff will only require the testimony of a single one of Defendant's employees who is knowledgeable about the operational details of Defendant's web site operations.[2] Given the size and geographic diversity of Defendant's employee population, it is not likely that there will be any inconvenience from having an employee testify at trial in this district and the employee's limited absence from his/her regular job activities will not prevent or otherwise impair the normal operations of Flagstar's business.

      Similarly, in the unlikely event that Plaintiff seeks the third party testimony of an employee of Kofax who Defendant asserts has developed the technology for its web site, such third party employee is unlikely to be inconvenienced by having to testify in this district because Kofax personnel presumably travel regularly for business to service its customers nationwide and because other Kofax personnel will undoubtedly assume the employee's job responsibilities for the limited period of time they may have to travel to testify in this district. Accordingly, it follows that Kofax would not be inconvenienced if one of its employees had to testify in this matter in this District.

---

[2] Assuming Defendant's annual on-line gross sales can be verified during discovery, Plaintiff is prepared to stipulate that such verified number is in fact the dollar amount of Defendant's annual infringing sales at issue in this case, thereby eliminating the need for one of Defendant's employees to testify at trial regarding this topic.

By contrast, Mr. Medina, is an inventor of the Patent, is solely responsible for conducting Eon-Net's business affairs, is a likely witness in this case, and is often present in this district. Thus, this district is convenient for Mr. Medina whereas the Western District of Washington is not. Accordingly, this factor favors the Plaintiff or at the very least, is neutral as between the parties. Accordingly, the convenience of the witnesses favors that this action remain in this District.

4. The Convenience of the Parties Does Not Favor Transfer to Washington

Flagstar's claim that the convenience of the parties favors Washington because it would be burdened by having to defend a lawsuit in this district is not persuasive. Defendant's web site will continue to operate without interruption even if this case remains in this District.

Because Plaintiff is prepared to stipulate to the amount of annual infringing sales at issue in this case (from which damages are to be calculated), the number of Defendant employees who might have to testify in this case is limited and the expected duration of their testimony is also limited such that their testimony will not prevent or otherwise impair the normal operation of Flagstar's business operations including its web site. Accordingly, Defendant is not likely to be inconvenienced if this case remains in this District.

Furthermore, where, as in this case, a disparity of means exists between the parties, the relative means between the parties is a relevant factor in determining venue. *See LG Electroncis, 138 F. Supp. at 586. See also Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988-89 (E.D.N.Y. 1991) (disparity of resources between the parties favored

maintaining the action in plaintiff's chosen forum).  In the present case, Defendant is a large, publicly-traded financial institution with a market capitalization of over $1 billion dollars, revenues in 2004 of $143.8 million dollars, having over 3,300 full-time equivalent employees and hundreds of branch locations throughout the United States including in this district, but none in Washington State. (See Zimmerman Decl., ¶5, Exhibits 5, 6, 7 and 8). By contrast, Eon-Net is a closely-held patent licensing entity comprised of a single individual, i.e., Mitchell Medina, who is solely responsible for conducting its affairs. Accordingly, the disparity in resources between the Defendant and Eon-Net favors maintaining this action in this District.

A transfer from this district, which is convenient for Plaintiff, to Washington or Michigan would simply shift Flagstar's claimed (although in reality non-existent) inconvenience to Eon-Net. Such burden shifting does not support a transfer. *See Wechsler v. Macke International Trade, Inc.*, 1999 WL 1261251, *7 (S.D.N.Y.) (parties' convenience does not dictate transfer where transferring venue merely shifts the inconvenience to the other party).

Finally, the fact that Defendant's counsel has also filed transfer motions in *Eon-Net, L.P. v. drugstore.com, Inc.*, Case No. 2:05 CV 845 (JCL) (MF) and *Eon-Net v. CoolAnimalStuff.co*m, Case No. 2:05 CV 936 (DMC) (MF) is totally irrelevant to, and should have no bearing on, the instant transfer motion. Flagstar, drugstore.com and Coolanimalstuff.com, Inc. are separate, unrelated entities that are separately infringing the Patent and whose only connection is that they retained the same law firm to represent them and have colluded in trying to transfer these separate actions to Washington State in order to prejudice Plaintiff and for the convenience of Defendant's counsel. The fact that

8

it might be more convenient for Defendant's counsel to try these cases in Washington is not an appropriate factor to consider on a motion to transfer venue. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973). Accordingly, this factor weighs against transfer.

     5.     <u>The Location of Documents Does Not Favor Transfer to Washington</u>

Defendant cannot claim that this District is inconvenient merely because potentially relevant documents may be located in Washington, Michigan or California. Courts have repeatedly held that the location of documents is "not a compelling consideration when records are easily portable." *Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. LEXIS 758, at 37 (S.D.N.Y.). *See also Rates Technology Inc, v. UTT Corporation*, 1995 WL 16788, *5, (S.D.N.Y.) (location of documents not a relevant factor when documents can be shipped); *Coker v. Bank of America*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (ease of access of proof not a factor in "today's era of photocopying, fax machines and Federal Express). Defendant has not demonstrated why any potentially relevant documents are not portable and cannot be easily shipped into this District. Furthermore, because it is common courtesy for parties to send documents responsive to discovery requests to opposing counsel's offices, documents that are relevant to the issues in this case will likely be shipped to New Jersey no matter where they reside. Accordingly, given that documents located in Washington, Michigan or California can easily be shipped to New Jersey, Defendant's claim of inconvenience because certain documents may be located in Michigan or Washington is not credible and does not support transfer of this action. *See Royal Insurance Co. of America v. Tower Records, Inc.*, 2002 WL 31385815, *6 (S.D.N.Y.) (defendant's assertion that documents are located in proposed

9

transferee forum entitled to little weight where defendant fails to show a burden absent a transfer). Accordingly, this factor weighs against transfer.

### 6. The Absence of Disruption to Defendant's Business Weighs Against Transfer to Washington

Because, as previously discussed above, Flagstar is a national company with over 3,300 full-time equivalent employees, the testimony of an employee of Defendant in this District will not prevent or otherwise impair the normal operation of the Flagstar's business operations including its web site and Defendant's business, therefore, will suffer no disruption if this case remains in this District. Accordingly, this factor weighs against transfer.

### B. The Public Interest In The Administration Of The Courts And The Efficient Adjudication Of Cases Weighs Against Transfer

#### 1. Consideration of Local Interests Weighs Against Transfer

New Jersey's "compelling interest in regulating the conduct of business in its state" weighs against transfer. *Richo Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 486 (D.N.J. 1993). At least a substantial portion of Flagstar's infringing activity complained of in this action occurs in this district because customer information is provided by customers including New Jersey residents on defendant's web site and this information is parsed and transmitted to Defendant's New Jersey banking centers so that Defendant's banking services can be provided in this District. Consequently, New Jersey has a strong public interest in adjudicating this dispute stemming from wrongful conduct that is occurring here and this case should, therefore, not be transferred.

10

      2.      <u>This Court Handles More Intellectual Property Cases Then the Western District of Washington</u>

While the Western District of Washington is very capable of handling patent and other intellectual property cases, the fact is that this Court handles more than twice the volume of such cases per year than the Western District of Washington. According to the annual Judicial Caseload Profile Report prepared by the Administrative Office of the United States Courts (available online at www.uscourts.gov/fcmstat/), in 2004 this Court handled 376 Type "I" cases, which are patent, copyright and trademark cases. (Zimmerman Decl., ¶¶, 7) During the same period, the Western District of Washington handled 177 Type "I" cases. (Zimmerman Decl., ¶7) This Court's experience with the subject matter of this lawsuit weighs in favor of maintaining the case here.

      3.      <u>The Efficiency of This Court Weighs Against Transfer</u>

Flagstar argues that this case should be transferred because the docket of this Court is more congested that the docket of the Western District of Washington. By Defendant's logic, in the event of a venue contest, every case would be subject to transfer from a district with a busier docket to a district with a less busy docket. While this Court does have a busy docket, it is at least as efficient as the Western District of Washington. Based on the Judicial Caseload Profile Report, the median time from filing to disposition of a case in this Court is approximately the same as in the Western District of Washington notwithstanding the higher caseload in this Court. For civil cases in 2004, the median time from filing to disposition in this Court was 7.6 months while in the Western District of Washington it was 7.2 months. (Zimmerman Decl., ¶8) Accordingly, because this Court efficiently resolves cases of this type in approximately the same time

period as the Western District of Washington despite having a higher caseload, this factor does not warrant the transfer of this case.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied and this case should remain in the District of New Jersey and not be transferred to the Western District of Washington.

/s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (JZ 7743)
Zimmerman, Levi & Korsinsky, LLP
226 St. Paul Street
Westfield, New Jersey 07090
Tel: (908) 654-8000
Fax: (908) 654-7207
Attorneys for Plaintiff

Date: July 24, 2005
        Westfield, New Jersey