NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EON-NET, L.P., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-791 (DMC) |
| FLAGSTAR BANCORP, : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Flagstar Bancorp ("Defendant") to transfer venue to the United States District Court for the Western District of Washington. No oral argument was held pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Defendant's motion is **granted**.

**I. Background**

Eon-Net ("Plaintiff") is a Limited Partnership with its principal place of business in the British Virgin Islands. (Plaintiff's Brief in Opposition to Defendant's Motion to Transfer ("Pl. Br.") at 1). Plaintiff owns United States Patent Number 6,683,697 ("Patent") titled "Information Processing Methodology." (Id.) Mitchell Medina invented the Patent and is solely responsible for conducting Plaintiff's business affairs. (Id.) Mr. Medina is a former New Jersey resident who now lives in Nairobi, Kenya. (Id.)

On February 10, 2005, Plaintiff filed a Complaint against Defendant before this Court for

patent infringement. (Defendants Brief in Support of its Motion to Transfer ("Def. Br.") at 1). Defendant is a holding company organized under laws of Michigan, with its principal place of business in Troy, Michigan, and its west coast headquarters in Bellvue, Washington. (Id. at 2). Defendant filed its Answer with Counterclaims on April 12, 2005. Defendant now seeks transfer of the case to the United States District Court for the Western District of Washington. For the reasons discussed below this Court **grants** Defendant's motion.

## II. Discussion

### A. Standard

The court has broad discretion in deciding whether a transfer of venue is warranted, see Plum Tree v. Stockment, 488 F.2d 754, 756 (3d Cir.1973), and must consider both the public interest and the private interests of the parties. The factors to be considered are: "1) plaintiff's choice of forum; 2) relative ease of access to sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses; 4) cost of obtaining attendance of willing witnesses; 5) possibility of viewing premises, if applicable; 6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and 7) 'public interest' factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation." Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947).

### B. Patent Cases

28 U.S.C. § 1400(b) of the Federal Rules of Civil Procedure addresses the issue of proper venue in patent infringement cases and states a cause of action may be brought in any district where the "defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business." Although a plaintiff may file a claim where the

defendant resides, the preferred forum is "the center of the accused activity." Osteotech, Inc. v. Gensci Regeration Sciences, Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1993).

Here, Defendant's west coast headquarters are located in the Western District of Washington. (Def. Br. at 6). The Western District of Washington therefore had personal jurisdiction over the Defendant when the alleged infringement occurred and continues to have personal jurisdiction over Defendant today.

The Western District is also the "center of the accused activity." Plaintiff claims Defendant violated its ownership rights over the Patent through "collecting information over the Internet" and "deploying an application distributed over the Internet in which information is collected and extracted from a customer . . . and processed on Defendant's server." (Plaintiff's Complaint ("Pl. Compl.") ¶ 10). Therefore, if these alleged activities did occur, they occurred either in Michigan or Washington and not the state of New Jersey. Defendant's employees responsible for operating its web-based mortgage program are located in Washington. (Def. Br. at 8-9). Defendant also maintains its internal computer servers in Washington. (Id. at 9). The patent violation does not occur when people from New Jersey order products off of Defendant's website or when Defendant ships products to New Jersey. The violation occurs where Defendant maintains its website, which is in Michigan and Washington. Therefore, the "center of accused activity" is located in Washington.

### B. Private Interest Factors

### 1. Plaintiff's Choice of Forum

In addition to Washington being the "center of accused activity," the factors this Court must consider when deciding motions to transfer venue also indicate this case should be transferred. The first factor to consider is the weight given to a plaintiff's choice of forum. A

plaintiff's choice of forum normally is entitled to great weight.  However, this choice deserves less weight where none of the operative facts of the action occur in the forum selected by plaintiff. <u>Schmidt v. Leader Dogs for the Blind, Inc.</u>, 545 F.Supp. 42, 47 (E.D.Pa.1982).

Here, Plaintiff is a foreign corporation that holds and licenses patents and the Plaintiff's principal partner in charge of all business operations is domiciled in Kenya.  (Pl. Br. at 1).  Plaintiff's only ties to New Jersey is that the partner once lived in New Jersey and returns to visit family and friends every year, during which he will sometimes conduct business.  (Pl. Br. at 4).  Defendant's principal place of business is located in Michigan and its west coast head quarters are in Washington.  (Def. Br. at 1).  Washington or Michigan are where the alleged patent infringement would have occurred.  The fact that a New Jersey resident may use Defendant's website while in New Jersey is not enough.  Plaintiff's claim does not deal with the ordering and shipping of Defendant's products in New Jersey, it addresses patent infringement.  Therefore, none of the operative facts of the action occurred in this forum and Plaintiff's choice of forum does not deserve much weight.

### 2. Convenience of Witnesses and Parties

It will be much more convenient for witnesses if this case is transferred to Washington.  The primary focus of the case will be Defendant's alleged illegal activities, which were allegedly committed by Defendant's employees.  These employees are located in Michigan and Washington.  (Def. Br. at 11).  Since many of the employees are located in Washington and some in Michigan, it makes much more sense for this case to be tried in Washington than New Jersey, a state where none of the employees are located.  Also, it would be more convenient for potential non-party witnesses if the case was transferred to Washington.  Kofax, the company responsible for developing Defendant's site technology, is located in California.  (<u>Id.</u> at 12).  It would be

much more convenient for them to appear in Washington than New Jersey.

It is also more convenient for the parties if this case is transferred to Washington. Defendant's west coast headquarters are located in Washington and Plaintiff is incorporated in the British Islands, with the principal partner living in Kenya. Regardless of whether this case goes forward in New Jersey or Washington, Plaintiff will have to travel and transport evidence. If the case is in Washington, Plaintiff is not inconvenienced any more than if the case is in New Jersey. However, if the case remains in New Jersey, Defendant and all of Defendant's witnesses will have the expense and burden of traveling to New Jersey. Plaintiff's business appears to be holding patents and will not suffer any additional hardship if the case is transferred. It is therefore more convenient for the parties if venue is transferred.

### C. Public Interest Factors

The State of New Jersey does not have a strong interest in the outcome of this litigation. While New Jersey residents may use Defendant's Internet mortgage program, whether Defendant violates patent law does not impact New Jersey residents. There are no New Jersey citizens involved in this law suit, nor are there any New Jersey corporations involved in this lawsuit. Washington does have an interest in this lawsuit because a corporation located in Washington is a party and much of the alleged culpable conduct occurred in Washington. Furthermore, the burden of jury duty "ought not to be imposed upon the people of a community which has no relation to the litigation." Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990). New Jersey jurors have no interest in this litigation because the outcome will not impact any New Jersey residents. Accordingly, the people of New Jersey should not be burdened with having to serve jury duty if this case goes to trial.

Finally, earlier this year this Court transferred a case that is almost identical to this one to

the Western District of Washington.  (See Eon-Net, L.P. v. CoolAnimalStuff.com, DKT. No. 2:05-cv-936-DMC).   The same Plaintiff filed that case and it deals with issues involving the same patent.  Therefore, Plaintiff is already litigating a matter in the Western District of Washington and will not be inconvenienced if he has to appear in the same District on an almost identical matter.  For this reason and all the reasons stated, venue is transferred.

### III. Conclusion

For the reasons stated, it is the finding of this Court that Defendant's request to transfer venue is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: December 15, 2005
Original: Clerk's Office
cc: All Counsel of Record
    The Honorable Mark Falk, U.S.M.J.
    File